**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **COURTNEY GROW,** | : | CASE NO: 1:23-cv-00301 |
| | : | |
| Plaintiff, | : | JUDGE _____ |
| | : | |
| v. | : | |
| | : | **PLAINTIFF'S COMPLAINT AND** |
| **NATELLA, INC. d/b/a Half Day Café,** | : | **JURY DEMAND** |
| | : | |
| **and** | : | |
| | : | |
| **Dale Hipsley,** | : | |
| | : | |
| | : | |
| Defendants. | : | |

COMES NOW Plaintiff Courtney Grow, by and through her undersigned legal counsel, and for her Complaint against Defendant NATELLA, INC. d/b/a Half Day Café and Defendant Dale Hipsley, alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Courtney Grow is a resident of this judicial district and is a former employee of Defendants.

2. Defendant NATELLA, INC. (hereinafter, "Natella" or "Defendant"), is an Ohio Corporation that operates the Half Day Café ("Café") in Mason, Ohio and previously the Café in Wyoming, Ohio.

3. Defendant Dale Hipsley (hereinafter, "Defendant Hipsley") is the owner of the Café and is a resident of this judicial district.

4. This Court has jurisdiction over Plaintiff's Complaint because she is asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)-2(a) (hereinafter, "Title VII")

1

and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102(a) (hereinafter, "ADA").

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims derive from the same operative facts and are so related to her federal claims over which the Court has original jurisdiction that they form a part of the same case or controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff was employed in this judicial district and a substantial part of the actions giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

7. At all times relevant herein, Defendants were "employers" covered by Title VII, the ADA, and by Ohio laws prohibiting pregnancy and disability discrimination in employment, contained in O.R.C Chapter 4112.

8. At all times relevant herein, Defendants owned and operated Cafés in Wyoming, Ohio and Mason, Ohio.

9. At all times relevant herein, Plaintiff had a medical condition that affected her reproductive system, causing infertility.

10. Plaintiff is a person with a disability, as defined by the ADA and comparable Ohio law.

11. From August 24, 2020, through April 6, 2022, Plaintiff worked in the kitchen at Defendants' restaurant located in Wyoming, Ohio.

12. Throughout her employment, Plaintiff excelled in her position and never received any disciplinary actions regarding her performance.

13. Wishing to start a family with her spouse, but encountering difficulty becoming pregnant, Plaintiff began seeing a fertility specialist in August of 2021.

14. In September of 2021, Plaintiff made the decision to undergo in vitro fertilization (IVF) treatments to try to become pregnant.

15. Due to the nature of IVF, Plaintiff was required to be closely monitored during her treatments, and occasionally had to miss brief periods of work.

16. Despite giving as much notice as possible and only missing only short periods of work when absolutely necessary, Defendant Hipsley began harassing and berating Plaintiff for her brief absences to attend her preplanned IVF treatments.

17. During Plaintiff's employment, other employees missed as much work, if not more, than Plaintiff. These employees were neither harassed nor berated by Defendants for their brief absences.

18. During September and December of 2021, Defendant Hipsley threatened Plaintiff's employment on more than one occasion. During one such conversation, Defendant Hipsley told Plaintiff that she would be out of a job if she were to give too short of a notice for her future IVF treatments.

19. In January of 2022, Defendant Hipsley met with Plaintiff and stated that he did not believe she would be working at Defendants' restaurant for long because of her attempts to get pregnant. During this conversation Defendant Hipsley taunted Plaintiff by telling her that he has had many opportunities to replace her.

20. In March of 2022, Plaintiff went through a devastating sequence of events. Plaintiff, previously told that she was pregnant with twins, was then informed that she would lose both babies.

21. Despite the heartache and emotional toll that this news brought her, Plaintiff continued to work and took only infrequent and brief absences.

22. Later in March of 2022, Plaintiff found that, contrary to the previous information she received, she was still carrying one of the babies she believed she had miscarried.

23. Although Plaintiff had informed Defendant Hipsley of her miscarriage, she had not had the opportunity to tell him that she was still carrying one of the babies.

24. On March 30, 2022, Defendant Hipsley — aware of Plaintiff's recent miscarriage, and believing her IVF treatments would resume —told Plaintiff that he doubted she would be able to do the job to his satisfaction.

25. Defendant Hipsley told Plaintiff that she should focus on becoming a mother rather than continuing to work.

26. On or about April 6, 2022, Plaintiff was terminated.

## CAUSES OF ACTION

### Count I: Violation of Title VII
### Pregnancy and Sex Discrimination
### (As to Defendant Natella)

27. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

28. Pursuant to Title VII, an employer may not discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex. 42 U.S.C.§ 2000(e)-2(a)(1).

29. Discrimination because of sex or on the basis of sex includes discrimination because of or on the basis of pregnancy, childbirth, or related medical conditions. 42 U.S.C.S. §2000e(k).

30. Plaintiff further alleges that Defendant Natella's actions as hereinabove described were motivated by her sex and pregnancy, and were in violation of Title VII.

31. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages and benefits, mental anguish, emotional distress, and attorneys' fees and costs.

**Count II: Violation of the ADA**
**Disability Discrimination**
**(As to Defendant Natella)**

32. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

33. The ADA prohibits covered employers from discharging or otherwise discriminating against a qualified individual with a disability with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's disability. 42 U.S.C.S. § 12112(a).

34. Plaintiff further alleges that Defendant Natella's actions as hereinabove described were motivated by her disability, and were in violation of the ADA.

35. As a result of Defendant's intentional disability discrimination, Plaintiff has suffered damages as hereinabove described.

**Count III: Violation of Ohio Revised Statute § 4112.01, et seq.**
**Pregnancy Discrimination**
**(As to All Defendants)**

36. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

37. Pursuant to Ohio Rev. Code § 4112.02(A), an employer may not discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex.

38. Discrimination because of sex or on the basis of sex includes discrimination because of or on the basis of pregnancy, childbirth, or related medical conditions. Ohio Rev. Code § 4112.02(B).

39. Plaintiff further alleges that Defendants' actions as hereinabove described were motivated by her sex and pregnancy, and were in violation of Ohio Rev. Code § 4112.02(A).

40. As a result of Defendants' intentional discrimination, Plaintiff has suffered damages as hereinabove described.

**Count IV: Violation of Ohio Revised Statute § 4112.01, et seq.**
**Disability Discrimination**
**(As to All Defendants)**

41. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

42. Pursuant to Ohio Rev. Code § 4112.02(A), an employer may not discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's disability.

43. Plaintiff further alleges that Defendants' actions as hereinabove described were motivated by her disability, and were in violation of Ohio Rev. Code §4112.02(A).

44. As a result of Defendants' intentional disability discrimination, Plaintiff has suffered damages as hereinabove described.

**Count V: Intentional Infliction of Emotional Distress**
**(As to Defendant Hipsley)**

45. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

46. Plaintiff states that during the course of her employment, Defendant Hipsley intentionally engaged in a course of conduct, as described above, which was outrageous and utterly intolerable in a civilized society.

47. Plaintiff states that Defendant Hipsley's conduct was calculated to cause Plaintiff to suffer serious emotional distress.

48. As a result thereof, Defendant Hipsley's conduct was a direct and proximate cause of Plaintiff's serious and foreseeable emotional distress, and related damages which she suffered thereby.

49. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the abovementioned damages as well as great mental anguish, emotional stress, anxiety, humiliation and embarrassment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

1.  Compensation for all wages and benefits lost as a result of her termination;

2.  Compensatory and punitive damages in amounts to be determined at trial;

3.  An award of reasonable attorneys' fees and costs;

4.  All other and further relief, in law or equity, that this Court may deem appropriate and just.

*/s/ Stephen E. Imm*

_____

Stephen E. Imm (0040068)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

*/s/ Stephen E. Imm*

_____

Stephen E. Imm (0040068)